LCHEHARDY, Judge.
In this workers’ compensation matter, both sides have appealed a judgment which set defendant’s attorney’s fees at $4,000.00. For the following reasons, we affirm.
Defendant, Dorothy Varnado, sustained an injury in 1997 while in the course and scope of her employment with plaintiff, Harahan Guest House. Harahan disputed her injury and instituted this action. Ms. Varnado reconvened, seeking indemnity and medical benefits, as well as penalties and attorney’s fees.
The matter proceeded to trial before Office of Workers’ Compensation Hearing Officer Anne Marie Vandenweghe on August 12, 1998. After taking the matter under submission, on October 30, 1998, the Hearing Officer rendered judgment, finding Harahan “arbitrary and capricious in failing to timely authorize necessary medical treatment;” granting Ms. Varnado “penalties of $50.00 per day for each and every day the recommended SI injections were delayed, not to exceed $2,000.00;” further granting “reasonable attorney’s fees for the employer’s arbitrary and capricious failure to timely authorize necessary treatment;” finding that Harahan’s “termination of indemnity benefits was reasonable;” and ordering “claimant to submit a detailed motion for attorney’s fees to this Court for review and approval.” The judgment was appealed by Hara-han, and affirmed by this Court in an | unpublished opinion rendered on September 28, 1999, Case No. 99-CA-146. Subsequent writs to the Supreme Court were denied on February 4, 2000.
On November 23, 1998, counsel for Ms. Varnado filed a “Motion and Order to Approve Attorney Fee Agreement” with the Office of Workers’ Compensation, itemizing his time spent on the case and requesting $7,975.00 in attorney’s fees. Counsel for Harahan opposed the motion and the matter was heard by Hearing Officer Vandenweghe on January 11, 1999. However, at the conclusion of the hearing, the Hearing Officer took the matter under submission, but did not rule on defendant’s motion prior to leaving her employment as a Hearing Officer with the Office of Workers’ Compensation.
After approximately one year, several written demands were made on Harahan by counsel for defendant for increasing amounts of attorney’s fees, with interest. Defendant also filed with the Office of Workers’ Compensation an original and supplemental “Motion and Order for Contempt and for Sanctions for Additional Interest, for Additional Penalties and for Additional Attorney’s Fees.” The entire matter was then set for hearing before Hearing Officer John C. Grout on March 10, 2000. After the hearing, on March 17, 2000, the Hearing Officer rendered judgment, awarding $4,000.00 in attorney’s fees to counsel for defendant, denying defendant’s motion for interest on the penalties and attorney’s fees awarded by the prior judgment, denying defendant’s motion for contempt, denying defendant’s motion for sanctions, and denying defendant’s request for attorney’s fees for work *938 performed in connection with the appeal of the prior judgment.
Both sides have appealed. Defendant argues that the Hearing Officer erred by 'not setting the attorney’s fees at $7,975.00, and further erred by not awarding interest on the attorney’s fees, by not awarding interest on the penalties, by not awarding additional attorney’s fees for the appeal of the original judgment, and by not awarding additional penalties and attorney’s fees for Harahan’s “contempt in failing to pay the [original] penalties and attorney’s fees.” Harahan argues in its brief that the amount of attorney’s fees awarded by the Hearing Officer ($4,000.00) is abusively high. We have thoroughly previewed the record before us on appeal, and do not find that the Hearing Officer erred in his March 17, 2000 judgment.
Defendant first argues that the attorney’s fees were set at $7,975.00 after the original trial because the October 30, 1998 judgment awarded “reasonable attorney’s fees” and ordered defendant to “submit a detailed motion for attorney’s fees to this Court for review and approval.” Defendant’s reasoning is that since attorney’s fees were awarded, “a contradictory hearing [on the amount of the fees] was unnecessary, since there had already been a trial.” We disagree. While the October 30, 1998 judgment awarded “reasonable attorney’s fees” to defendant, it is clear from the language of the judgment that the amount of the fees would have to be judicially determined and set out in a subsequent judgment. That is why the judgment ordered defendant to “submit a detailed motion for attorney’s fees to this Court for review and approval.” Until the second Hearing Officer ruled on March 17, 2000, there had been no approval of any amount for defendant’s attorney’s fees.
It cannot be reasonably assumed that a Hearing Officer would allow one party in a litigated matter to unilaterally determine and set, after trial, the amount of his “reasonable attorney’s fees.” This is particularly true in the matter before us, where the judgment ordered defendant to submit “a detailed motion for attorney’s' fees to this Court for review and approval.” From the clear language of the judgment, the Hearing Officer had to first review and then approve defendant’s fee before it could be collected. Defendant’s request for $7,975.00 was never approved, and defendant was never entitled to that amount for attorney’s fees.
In this appeal, defendant also argues that additional attorney’s fees should be awarded, along with interest on the fees, during the time that the original October 30, 1998 judgment was under appellate review. This claim also lacks merit. We see nothing in the record before us, which includes the record of the appeal of the October 30, 1998 judgment, to show that defendant requested attorney’s fees for the appeal. Even if the issue was properly raised in the prior appeal, that matter is final, and we cannot now award attorney’s |sfees for work performed in a separate appeal decided well over one year ago. Further, because no amount of attorney’s fees was ever awarded by any court during this time, no interest can accrue.
Defendant likewise argues that interest should accrue on the amount of the penalties awarded in the October 30, 1998 judgment, and interest should also accrue on the $4,000.00 in attorney’s fees awarded in the March 17, 2000 judgment. In its March 17, 2000 judgment, the Hearing Officer rejected both claims of interest. We see no error in this ruling, especially since the appellate process had already been exhausted regarding the award of $2,000.00 in penalties, and the amount of “reasonable attorney’s fees” was not determined until March of 2000.
Defendant also argues that the Hearing Officer erred in not finding Hara-han in contempt for not paying the penalties and attorney’s fees awarded by Hearing Officer Vandenweghe. We will not reexplain the fact that an amount of attorney’s fees was not awarded until March 17, *939 2000, making it impossible for Harahan to be in contempt for failing to pay a previously undetermined amount. With regard to the payment of the $2,000.00 in penalties, we note that the October 30, 1998 judgment had been suspensively appealed by Harahan, and was pending in the appellate process until the Supreme Court denied writs on February 4, 2000. Payment on the $2,000.00 award was made shortly thereafter. Therefore, we do not find that the trial court erred in denying defendant’s motion for contempt.
Finally, as noted above, Harahan has appealed the $4,000.00 amount of attorney’s fees as being abusively high. It is well settled that an award of attorney’s fees in a workers’ compensation matter is subject to the manifest error/clearly wrong standard of review. Rapp v. City of New Orleans, 98-1714 (La.App. 4 Cir.12/29/99), 750 So.2d 1130, writ denied, 00-0353 (La.4/7/00), 759 So.2d 761, citing Kim v. East Jefferson Hosp., 96-0838 (La.App. 1 Cir.2/14/97), 691 So.2d 127. Upon review, we do not find that the Hearing Officer abused his discretion in setting the attorney’s fees at $4,000.00.
| ^Accordingly, for the forgoing reasons, the trial court’s March 17, 2000 judgment is hereby affirmed. Costs of this appeal are assessed against defendant.

AFFIRMED.